[670 NYS2d 546]

In the Matter of FELIX J. ZIOBERT (Admitted as FELIX JOSEPH
ZIOBERT), an Attorney, Respondent. GRIEVANCE COMMITTEE
FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 30, 1998

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gary D. Egerman* of counsel),
for petitioner.

*Felix J. Ziobert,* New York City, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition dated October 10, 1996, which contained six charges of professional misconduct against him. In his answer, the respondent denied any violation of the Disciplinary Rules. After a hearing, the Special Referee sustained all of the charges. The Grievance Committee now moves to confirm the Special Referee's report, and the respondent cross-moves to dismiss the petition or to remand the matter for a new evidentiary hearing.

Charge One alleged that the respondent entered into a business transaction with a client who had differing interests, in violation of Code of Professional Responsibility DR 5-104 (A) (22 NYCRR 1200.23 [a]).

In or about 1986, the respondent represented Mark Lerman, a veterinarian, and Betsy Lewis, his wife, in connection with the purchase of a kennel on seven acres of land in Rockland County. The respondent became privy to Lerman and Lewis's financial situation. In or about 1988, the respondent represented Lerman and Lewis in matters involving the operation of the kennel and the subdivision and sale of six building lots to R & E Development Corp. (hereinafter R & E). Lerman and Lewis kept the seventh lot, on which a house and the kennel were built. In 1989, Lerman was having financial difficulties and contemplated selling the house to R & E. Pursuant to the contract of sale, which was drafted by the respondent, the purchase price was $195,000. There was a $28,000 down payment, and the balance was due at the closing. The transaction failed to close.

The respondent, who was aware of Lerman's financial situation, offered to purchase the property at the same price. Further, he advised Lerman that he would assume the mortgage, even though he knew that it was not assumable, that he would provide Lerman with only a $100 down payment, and that he would pay Lerman a total of $26,900 in four equal installments over a four-year period for the equity in the property. The respondent drafted the contract of sale, which is dated October 1, 1989. Despite the fact that he was entering a business transaction with a client who had differing interests, the respondent failed to obtain the consent of Lerman and Lewis and failed to advise them to consult with independent counsel.

Charge Two alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

During the next several years following the execution of the October 1, 1989 contract of sale, the respondent failed to make

numerous mortgage payments, bounced several mortgage checks, failed to pay any of the real estate taxes, and made none of the equity payments. In or about 1992, the respondent lost his own house in foreclosure and moved into Lerman's house. The respondent ceased making any mortgage payments, and Lerman was forced to pay the mortgage and taxes so that his property would not be lost in foreclosure.

Charge Three alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In mid-1993, the respondent proposed to Lerman that the purchase price of the house be reduced from $195,000 to $165,000, that the respondent pay $19,000 in tax arrears, and that he would fall no further than three months behind in mortgage payments. The respondent further proposed that Lerman transfer title to the house to him without advising the first mortgagee. Lerman and Lewis retained another attorney to review the proposal on their behalf, and against the advice of counsel, they executed a new agreement on or about June 1, 1993. The respondent inserted a clause into the agreement which provided that the parties were not permitted to disclose the terms and conditions to anyone. The respondent inserted another clause which provided that, if a dispute arose, it was to be resolved by the American Arbitration Association.

The respondent paid the $19,000 in tax arrears, but made no additional tax payments. Moreover, within approximately four months, he fell three months behind on the mortgage payments.

A dispute arose between the parties, and Lerman filed for arbitration. Instead of submitting to arbitration, as specified in the agreement which he drafted, the respondent sought to stay the arbitration, claiming that arbitration is not valid for either foreclosure or eviction.

The respondent made only sporadic payments to Lerman on the mortgage, but continued to live in his former client's house from 1992 until about August of 1996 when he relocated to the State of Ohio where he is also admitted to the practice of law.

Charge Four alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to account for funds to be held in escrow.

The respondent maintained a nonchecking escrow account (number 0675521405, entitled "Felix J. Ziobert, Special A/C") at the Union State Bank. In or about June 1988, the respondent represented Lerman and Lewis in the subdivision and sale of six building lots to R & E. As a condition of the sale, the sellers were to secure a final plat map.

In or about July and August 1988, the respondent received and deposited $60,000 into his escrow account. Those funds were to be paid by the respondent to the Village of New Hempstead, as needed, to obtain final approval of the subdivision. On or about August 11, 1988, the respondent disbursed $58,597.25 to the Village of New Hempstead in two bank checks for $25,500 and $33,097.25, respectively, and $1,302.75 to Lerman by bank check. Including interest and service charges, the balance in the account as of September 30, 1988 was $385.52. On October 6, 1988, the respondent withdrew $75 from the account. He withdrew an additional $300 on October 24, 1988. The respondent has failed to account for those funds.

Charge Five alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District.

The respondent was requested to appear before counsel for the petitioner and give testimony under oath regarding his representation of Lerman and Lewis. He appeared with his attorney on March 3, 1995. At the conclusion of his deposition, the petitioner requested the respondent to submit additional information and documents, including the bank records for his escrow account, within two weeks.

On March 28, 1995, the respondent's counsel submitted some of the requested papers on the respondent's behalf, but the bank records were not included. On May 8, 1995, the petitioner sent the respondent's counsel a letter again requesting the escrow records. On May 12, 1995, the respondent submitted some papers in partial compliance with the petitioner's request. On July 10, 1995, the petitioner again wrote to the respondent's counsel requesting the additional information and the balance of the respondent's escrow records. By a letter dated July 17, 1995, the respondent again failed to submit the balance of the escrow records. His letter concludes, "As soon as I obtain the requested copies * * * I will forward them to you".

Additional letters were sent to the respondent's counsel on September 29, 1995 and November 29, 1995, requesting the escrow records. The respondent again failed to forward them. In December 1995, the petitioner served a judicial subpoena duces tecum on the Union State Bank. The bank did not fully comply with the subpoena until April 22, 1996.

Charge Six alleged that the respondent failed to maintain bank records, in violation of Code of Professional Responsibility DR 9-102 (D) (22 NYCRR 1200.46 [d]), and that he engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Code of Professional Responsibility DR 9-102 (D) (1) (22 NYCRR 1200.46 [d] [1]) states that a lawyer shall maintain for seven years after the events which they record, the records of all deposits into and withdrawals from his escrow account and any other bank account that concerns or affects the lawyer's practice of law.

The respondent testified on June 24, 1996 that, although he was aware of the aforementioned rule, he failed to maintain his records for seven years. Moreover, the respondent failed to produce all the bank records specified in a judicial subpoena duces tecum duly served upon him.

Based on the evidence adduced at the hearing, the Special Referee properly sustained all six charges of professional misconduct against the respondent.

In determining the appropriate measure of discipline to impose, we have considered the arguments proffered by the respondent in support of his cross motion.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of three years.

MANGANO, P. J., ROSENBLATT, MILLER, O'BRIEN and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to dismiss the petition or to remand the matter for a new evidentiary hearing is denied; and it is further,

Ordered that the respondent, Felix J. Ziobert, is suspended from the practice of law for a period of three years, commencing April 30, 1998, and continuing until the further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the three years upon

furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Felix J. Ziobert, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.